UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jason Michael Robertson, | ) C/A No.  2:15-2004-DCN-MGB |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| State of South Carolina, and Greenville County DBA Greenville County Detention Center, | ) |
| Defendants. | ) |

This is a civil action filed *pro se* by an inmate currently housed at the Kirkland Reception and Evaluation Center, regarding events which occurred while he was a local detention center inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**BACKGROUND**

Jason Michael Robertson ("Plaintiff") has filed a Complaint in which he complains about the medical care he received while housed in the Greenville County Detention Center ("GCDC") in Greenville, South Carolina. In the Complaint now under review, he alleges that he arrived at the GCDC after being in a car accident during which he suffered injury to his right ankle and lower back. He indicates that he was given a wheel chair, an ace bandage and ibuprofen. He received an x-ray approximately one week later and indicates that he was told that he had a sprained ankle. He alleges

1

that after two and one half months his ankle is still "swollen, painful and discolored". He acknowledges that he has been seen by GCDC's nurse practioner who indicated that "it takes severe sprains up to 90 days to heal." Plaintiff believes that he has a "hairline fracture or something other than a severe sprained ankle." Despite his indication that he was given ibuprofen, he states that GCDC has refused to provide him pain medications. He would like for this court to order the GCDC to provide "actual doctors for diagnosis," and that he be seen by a local specialist. Compl. 4, ECF No. 1. Plaintiff names the State of South Carolina, and Greenville County DBA the Greenville County Detention Center as Defendants in his case.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently

cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

A. The State of South Carolina

As to Defendant State of South Carolina, any § 1983 claim sought to be raised against it by Plaintiff is barred by the Eleventh Amendment to the United States Constitution. the Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit for damages brought against the State of South Carolina or its integral parts. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Florida Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *Bellamy v. Borders*, 727 F. Supp. 247, 248-50 (D.S.C. 1989); *Coffin v. South Carolina Dep't of Social Servs.*, 562 F. Supp. 579, 583-585 (D.S.C. 1983). The State of South Carolina has not consented to suit in federal court and, accordingly, no plausible federal claim is stated against it. *See* S.C. Code Ann. §15-78-20(e) (providing that South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a South Carolina state court, and does not consent to suit in a federal court or in a court of another state).

B.     Greenville County DBA as Greenville County Detention Center

Additionally, the Complaint should be summarily dismissed insofar as it names Greenville

3

County Detention Center as a Defendant. To state a plausible claim for relief under 42 U.S.C. § 1983,[1] an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person."

For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008). Greenville County Detention Center is a building or group of buildings, and

---

[1] Plaintiff's claims for damages allegedly arising from the conditions of his confinement within a county detention center in South Carolina are properly considered by this court under its federal question jurisdiction pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added). Plaintiff does not reference any other legal basis for his pleading, and no other plausible basis for the exercise of this court's subject matter jurisdiction over Plaintiff's allegations is evident from the face of the Complaint.

naming it as a Defendant does not constitute naming a person acting under state law as shown by the *Preval* and *Brooks* cases cited previously. Thus, no plausible § 1983 claim is stated against the detention center and the Complaint should be summarily dismissed as to that Defendant.

The Plaintiff also lists Greenville County (DBA as GCDC) as a Defendant. To the extent that Plaintiff seeks to sue Greenville County, his case is subject to summary dismissal. Municipalities and other local governmental bodies are "persons" within the meaning of § 1983. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 689, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A local government may not, however, be held liable under § 1983 solely because it employs a tort-feasor. *Id*. Plaintiff must identify a local government "policy" or "custom" that caused his injury. Id. at 694; *Board of County Commissioners v. Brown*, 520 U.S. 397, 402, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). To determine the liability of a municipality, Plaintiff must "(1) identify[ ] the specific policy or custom; (2) fairly attribute[ ] the policy and fault for its creation to the municipality; and (3) find[ ] the necessary affirmative link between identified policy or custom and specific violation." *Spell v. McDaniel*, 824 F.2d 1380, 1389 (4th Cir.1987) (internal quotation marks omitted). As an initial matter, the Complaint fails to identify a suable tortfeasor. Additionally, the Complaint fails to identify a specific policy or custom attributable to Greenville County in relation to his claims of constitutional violations. Thus, Plaintiff also fails to allege facts establishing the necessary affirmative link between the policy or custom and any the violation of Plaintiff's rights. Accordingly, the Complaint fails to state a claim under § 1983 against Defendant Greenville County.

C.     Claims of Medical Negligence:

Again, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the

alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).[2] The Court has also stated that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Estelle*, 429 U.S. at 105. *See also Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988) ("Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice"). In *Lamb v. Maschner*, 633 F.Supp. 351, 353 (D.Kan.1986), the district court ruled that the proper inquiry is whether the prisoner was provided any treatment, and that the prisoner's agreement or disagreement with the treatment is irrelevant.

While Plaintiff claims that he has not received adequate medical care, (Doc. # 1), Plaintiff's complaint clearly indicates that he received medical attention for his medical issues, specifically his ankle. He has had an x-ray, and been seen by a nurse practitioner, as well as provided ibuprofen. As such, Plaintiff's claim does not rise to the level of deliberate indifference to a serious medical need.

At best, Plaintiff's allegations may be interpreted as an action for negligent or incorrect medical treatment. However, negligence and malpractice claims are not cognizable under 42 U.S.C. § 1983. *See Estelle*, 429 U.S. at 106 (negligent or incorrect medical treatment is not actionable under

---

[2] Plaintiff's claims are governed by the Fourteenth Amendment, not the Eighth Amendment, because Plaintiff was a pre-trial detainee at the time of the challenged actions. *See Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir.1990) ("The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee.").

42 U.S.C. § 1983). As the factual allegations in Plaintiff's complaint fail to state a cognizable claim of deliberate indifference, and negligence is not actionable under § 1983, Plaintiff's case is subject to summary dismissal.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice. See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

June 1, 2015
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).